**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO.  20-987-M |
| TAYANNA BOWMAN | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States of America, by and through William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Kelly Harrell, Assistant United States Attorney for the District, hereby moves this Honorable Court to detain the defendant prior to trial.  While communicating online with other like-minded individuals interested in the sexual abuse and exploitation of children, the defendant distributed images of child pornography depicting adult women sexually abusing young male children.  At the time, the defendant was employed as a behavioral health technician who worked with autistic children.  As a result of her conduct, the defendant faces a mandatory minimum sentence of 5 years' imprisonment.  For all of these reasons, and the reasons outlined below, the defendant is unable to rebut the statutory presumption that no combination of conditions will assure her appearance or the safety of the community, and she should be detained.

A.  **FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

1

## 1.   <u>Probable Cause And The Evidence In This Case</u>

There is probable cause to believe, based on the complaint and warrant signed by the Honorable Timothy R. Rice on June 11, 2020, that the defendant has committed the offense of distribution/attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). As a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of the community and the defendant's appearance in court.

The evidence in this case is strong.  In January of 2020, the defendant, operating the KIK Messenger account "elena_mone," communicated with other like-minded individuals in a KIK Messenger group called "Teeny Tiny Tots" regarding their shared interest in the sexual exploitation of children.  During these communications, the defendant and other members of the group discussed their sexual interest in children and distributed images of child pornography. When the conversation shifted to a different topic, the defendant redirected the conversation by encouraging the group, "Anywho let's get back to the very hot vids shall we."  On January 27, 2020, the defendant distributed an image depicting an adult woman orally raping a little boy between the ages of 3 and 6, and a video depicting an adult woman attempting to rape another little boy by inserting his penis into her vagina.  Afterwards, the defendant reiterated, "I love lil boys," to the group.  These images and conversation were captured by an undercover FBI agent monitoring the group.

In response to an administrative subpoena, KIK provided subscriber information and IP (internet protocol address) logs for the "elena_mone" account.  The IP logs indicated that the account used IP addresses serviced by Comcast and Verizon.  Further investigation revealed that these IP addresses were located at the defendant's residence on the 200 block of North Simpson

Street in Philadelphia and at the defendant's grandparents' daycare business, Cynthia's Little Treasures, located on the 300 block of North 63rd Street in Philadelphia.

Finally, the defendant admitted her conduct.  On June 11, 2020, the defendant voluntarily agreed to give a statement to law enforcement in which she admitted to operating the "elena_mone" KIK account, engaging in the above-described communications in the "Teeny Tiny Tot" group, and distributing images of child pornography.  She estimated that she had distributed child pornography within KIK Messenger on approximately 50 occasions.  She told agents that she deleted the KIK application from her cell phone shortly after January 2020, but had recently reinstalled the application under the same account name.  The defendant consented to a search of her cell phone and laptop computer.  A preliminary review of her cell phone and its KIK Messenger application content indicates that she is still engaged in communication with other child pornographers and received images of child pornography in private messages as recently as May 2020.

## 2. **Maximum Penalties**

On just the single crime charged in the complaint and warrant, the defendant faces up to 20 years' incarceration with a 5-year mandatory minimum term, 5 years up to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, mandatory restitution pursuant to 18 U.S.C. § 2259, and if found to be non-indigent, an additional, mandatory $5,000 assessment pursuant to 18 U.S.C. § 3014.  The defendant's sentencing guidelines are preliminarily calculated at 151 to 188 months' imprisonment.

## 3. **Criminal History**

If convicted, the defendant faces a 5-year mandatory minimum sentence, having never before served a prison sentence.  This provides ample incentive to flee.

3

####     4.   **Employment/Community Ties**

At the time the defendant committed the child exploitation crimes described above, she held employment working with some of the most vulnerable members of society— autistic children.  She worked as a behavioral health technician with ChanceLight Autism Services, which involved one-on-one interaction with autistic children, sometimes in their homes.  The defendant was terminated from this position on June 12, 2020.[1]  The defendant also reported on her Linkedin page that she was employed as a teaching assistant with Cynthia's Little Treasures, her grandparents' in-home childcare business.  Significantly, the defendant did not limit her access to her KIK account while she was in her own residence – IP records confirmed that she also did so while at her grandparents' child care business.

**B.**   **LEGAL ARGUMENT**

Pursuant to 18 U.S.C. § 3142(e)(3)(E), there is a rebuttable presumption in favor of detention for individuals who, like this defendant, are charged with violating 18 U.S.C. § 2252. This presumption is based in part on the Congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes." *Comments of Chairman Lemar Smith*, H.R. Rep. 5422; *See also United States v. Farris*, 2008 WL 1944131 (W.D. Pa. 2008).

The dangers surrounding these types of offenses are widely recognized.  *See McKune v. Lile*, 536 U.S. 24, 33 (2002) (emphasizing Department of Justice and Federal Bureau of Investigation statistics reflecting substantially increased likelihood of repeat arrests for sex

---

[1] In the defendant's statement to law enforcement, she admitted to using her personal cell phone to take what she claimed to be non-pornographic photos of at least one of the autistic children in her care and maintaining those images on her cell phone.

offenders); *United States v. Pugh*, 515 F.3d 1179, 1199 (11th Cir.2008) (discussing influence of

sexual offender recidivism in passage of various provisions in the PROTECT Act); *Report of*

*Chairman Sensenbrenner*, H.R. Rep. 107-527, on amendment of 18 U.S.C. § 3583 (expressing

congressional determination that "sex offenders and child molesters are four times more likely

than other violent criminals to recommit their crimes" and referencing studies and findings

documenting (1) a significantly higher rate of recidivism among sexual predators, (2) the number

of undetected offenses which such individuals actually commit and (3) the psychological impact

such offenses have on the victims); *Doe v. Bredesen*, 507 F.3d 998, 1006 (6th Cir.2007) (noting

the legislative findings in numerous states passing sex offender registration systems reflecting

the "undisputed high risk of recidivism" by such sex offenders).  A defendant may rebut the

presumption of pretrial detention by presenting "some credible evidence" that she will not pose a

threat to the community upon her release. *United States v. Carbone*, 793 F.2d 559, 560 (3d

Cir.1986).

The defendant poses a clear danger to children in the community, and there is no

condition or combination of conditions that could assure the safety of the community if she is

released.  Even a condition that the defendant not have contact with minor children would not

adequately assure the safety of children in the community if the defendant is released because

there is no way to effectively monitor her compliance with such a condition.  Only a 24-hour

watch by the Bureau of Prisons can ensure the safety of the community and children, in

particular, from the defendant.

Furthermore, there is no way to effectively monitor this defendant's online access to

children and other sexual predators, for the following reasons:

(1)     Access to the internet is possible through desktop and laptop computers, cell phones, iPods, iPads, and even gaming devices.  There is no way to prevent the defendant from purchasing or using an Internet accessible device without the knowledge of Pretrial Services.

(2)     Storage devices can range in size, down to the size of a postage stamp, making it impossible for a Pretrial Services officer to locate.  There is no way to prevent the defendant from obtaining any storage medium, and no amount of supervision that would detect it in his home or elsewhere.

(3)     There is no way to monitor whether the defendant will access the Internet – and child pornography and/or communication with minors about sexual activity – using a public library's computers, using family members' or friends' electronic equipment, or Internet access at any other location, given that there is free WiFi access from any number of public places.

(4)     Even if this Court were to order that computer monitoring software be installed on the defendant's home computer(s), there would be no way to detect if she were to subvert the computer monitoring software by simply inserting a device with its own operating system into the computer being monitored, thereby bypassing the monitoring software altogether.  The defendant's activities would be completely undetected, and the Pretrial Services officer – and this Court – would instead be issued a report that the defendant is in "compliance."

It is difficult to conceive of any supervision that would detect the defendant's criminal activities.  Pre-Trial Services is limited to inspection of items that are in plain view of the officers.  Nor is Pretrial Services permitted to seize electronic evidence.  "The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion."  *United States v. Schenberger*, 498 F.Supp.2d 738, 745 (D. N.J. 2007) ("This Court is not persuaded that meaningful assurances can be given that defendant's access to the internet can be stopped.  Even if the defendant could somehow be prohibited from creating, viewing, or exchanging images of child pornography, it is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities."); *See also United States v. Voelker*, 489 F.3d 139, 145 (3d Cir.2007) (finding

6

detention appropriate for a defendant charged with distributing and receiving child pornography, based on the dangers associated with child pornography offenses and the difficulty to effectively monitor understanding the accessibility of the Internet.)

Additionally, while Pretrial Services ordinarily conducts monthly residence checks of pre-trial defendants released on electronic monitoring, in light of the current COVID-19 situation, they are not entering any residences and are limiting their in-person visits to emergencies only.  This further reduces any chance that the defendant can be effectively monitored in the community because it will be impossible to ascertain whether she is compliance with any conditions of release.  Accordingly, the Government requests that the defendant remain in custody pending trial.

The defendant poses a clear danger to children in the community, and there is no condition or combination of conditions that could assure the safety of the community if she is released.  While employed working with vulnerable autistic children, the defendant engaged with a community of individuals interested in the sexual abuse and exploitation of children and distributed child pornography to them.  There is simply no way to adequately monitor this defendant should she be released, nor any way to ensure compliance with any conditions this Court may impose, to eradicate the danger she poses to children in the community.  Only a 24-hour watch provided by the Bureau of Prisons will ensure that the defendant does not endanger the public.

Moreover, prison is a certainty for this defendant if convicted of the crimes she already has admitted – she faces a mandatory minimum of 5 years' imprisonment, and sentencing Guidelines call for an even higher sentence.  The anticipation of this severe sentence gives her every incentive to flee, knowing that she will spend a significant period of time in prison.  In

addition, the prospect of this lengthy prison sentence makes her even more of a danger to children in the community, knowing that her release on bail may be the last time she is free in many years.

**C.**     **CONCLUSION**

For all of these reasons, the defendant cannot rebut the presumption under 18 U.S.C. § 3142(f)(1)(E) that no condition or combination of conditions will reasonably assure her presence for trial or the safety of the community.

WHEREFORE, the government respectfully requests the Court to detain this defendant prior to trial.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney


*/s/ Kelly Harrell*
KELLY HARRELL
Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA               :

    v.                                                    :               CRIM. NO.  20-987-M

TAYANNA BOWMAN                     :

## PRETRIAL DETENTION ORDER

AND NOW, this _____ day of June, 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

    (a)    the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

    (b)    the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

    (a)    There is probable cause to believe, based on the complaint and warrant signed by the Honorable Timothy R. Rice on June 11, 2020, that the defendant has committed the offense of distribution/attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). As a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E),

1

that no condition or combination of conditions will assure the safety of the community and the defendant's appearance in court.

(b)     The evidence in this case is strong.  In January of 2020, the defendant, operating the KIK Messenger account "elena_mone," communicated with other like-minded individuals in a KIK Messenger group called "Teeny Tiny Tots" regarding their shared interest in the sexual exploitation of children.  During these communications, the defendant and other members of the group distributed images of child pornography.  When the conversation shifted to a different topic, the defendant redirected the conversation by encouraging the group, "Anywho let's get back to the very hot vids shall we."  On January 27, 2020, the defendant distributed an image depicting an adult woman orally raping a little boy between the ages of 3 and 6, and a video depicting an adult woman attempting to rape another little boy by inserting his penis into her vagina.  Afterwards, the defendant reiterated, "I love lil boys," to the group.  These images and conversation were captured by an undercover FBI agent monitoring the group.

Investigation revealed that the IP addresses used to access the KIK account were located at the defendant's residence on the 200 block of North Simpson Street in Philadelphia and at the defendant's grandparents' daycare business, "Cynthia's Little Treasures," located on the 300 block of North 63rd Street in Philadelphia.

Finally, the defendant admitted her conduct.  On June 11, 2020, the defendant voluntarily agreed to give a statement to law enforcement in which she admitted to operating the "elena_mone" KIK account, engaging in the above-described communications in the "Teeny Tiny Tot" group, and distributing images of child pornography.  She estimated that she had distributed child pornography within KIK Messenger on approximately 50 occasions.

2

(c)      If convicted, the defendant faces up to 20 years' incarceration with a 5-year mandatory minimum term, 5 years up to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, mandatory restitution pursuant to 18 U.S.C. § 2259, and if found to be non-indigent, an additional, mandatory $5,000 assessment pursuant to 18 U.S.C. § 3014.

(d)      If convicted, the defendant faces a significant and certain period of time in prison, having never served a prison sentence.  This provides ample incentive to flee.

(e)      At the time the defendant committed the offense, she held employment working with some of the most vulnerable members of society—autistic children.  She worked as a behavioral health technician with ChanceLight Autism Services, which involved one-on-one interaction with autistic children, sometimes in their homes.  The defendant was terminated from this position on June 12, 2020.  The defendant also reported on her Linkedin page that she was employed as a teaching assistant with Cynthia's Little Treasures, her grandparents' in-home childcare business.  The defendant also used the IP address associated with this in-home daycare to access her KIK account.

(f)      The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum term of imprisonment of 5 years and a maximum of 20 years, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person

3

in charge of the corrections facility in which the defendant is confined deliver the defendant to a

United States Marshal for the purpose of an appearance in connection with a court proceeding.


BY THE COURT:



_____
HONORABLE MARILYN HEFFLEY
United States Magistrate Court Judge

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by e-filing and email on the following defense counsel:


> Jeffrey Azzarano, Esq.
> jazzarano@yahoo.com

> */s/ Kelly Harrell*
> KELLY HARRELL
> Assistant United States Attorney


Date: June 17, 2020

-

5